**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S.T. and N.T., individually and on behalf of S.T.<br><br>Plaintiffs,<br><br>v.<br><br>JERSEY CITY BOARD OF EDUCATION,<br><br>Defendant. | Civil Action No.:<br>16-2663 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

Pending before the Court is a motion filed by Defendant Jersey City Board of Education (ECF No. 5) to dismiss Plaintiffs S.T. and N.T.'s Complaint. Plaintiffs have opposed this motion (ECF No. 8) and Defendant has replied to that opposition (ECF No. 10). The Court has reviewed the papers filed in support of and in opposition to the pending motion, and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons stated herein, Defendant's motion to dismiss is denied as moot and this matter is dismissed for lack of subject matter jurisdiction.

### I. Background[1]

Plaintiffs S.T. and N.T. are the parents of S.T., who, as of the commencement of this action, was a twelve-year old child with autism. (ECF No. 1, Compl. ¶ 4). Defendant Jersey City Board

---

[1] The facts as stated herein are taken as alleged in Plaintiffs' Complaint. (ECF No. 1, "Compl."). For purposes of this motion to dismiss, these allegations are accepted by the Court as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008) ("The District Court, in deciding a motion [to dismiss under Rule] 12(b)(6), was required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].").

1

of Education is a public educational agency that receives federal funding, and as such, is subject to certain federal education laws and regulations, including the Individuals with Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of 1973. (*Id.* ¶¶ 5-6). (*Id.* ¶ 5). On May 2, 2011, Plaintiffs filed a petition for a due process hearing alleging that Defendant had violated their child's right to a "free appropriate public education" which is guaranteed by the IDEA. (*Id.* ¶ 6). Specifically, Plaintiffs allege that Defendant "fail[ed] to identify and serve [the child] for more than two years." (*Id.*).

On July 28, 2011, the Parties resolved Plaintiffs' complaints by way of a Settlement Agreement. (*Id.* ¶ 9). Under the terms of the Settlement Agreement, Defendant was required to, among other things, provide transportation for the child to and from school. (*Id.*). The Board of Education approved the Settlement Agreement on August 30, 2011 and the Agreement was thereafter approved by an Administrative Law Judge who issued a Final Decision Approving Settlement and ordered the parties to comply with the Settlement's terms. (*Id.* ¶¶ 12-13).

Plaintiffs now argue that Defendant failed to provide their child with transportation to and from school as they were required to do under the Settlement Agreement. (*Id.* ¶ 15). Plaintiffs allege that during the first year that the Settlement Agreement was in effect, their attorney asked Defendant many times to provide the required transportation, and that Defendant failed to do so. (*Id.* ¶ 18). Plaintiffs are now seeking reimbursement from Defendant for the more than $85,000 in transportation costs they incurred since the execution of the Settlement Agreement. (*Id.* ¶ 19-20).

On July 22, 2016, Defendant filed the pending motion to dismiss Plaintiffs' complaint. (ECF No. 5, "Def.'s Mov. Br."). Defendant offers two alternative grounds for dismissal of this action. First, Defendant contends that Plaintiffs' claims are time-barred by the applicable statute of

limitations. (*Id.* at 8-16). Alternatively, Defendant argues that the Court lacks subject matter jurisdiction over this action since Plaintiffs have failed to comply with the IDEA's exhaustion of administrative remedies requirement. (Def.'s Mov. Br. at 16-25). Because, for the reasons below, the Court finds that it cannot exercise subject matter jurisdiction over this action in the first instance, the Court need not address the Parties' substantive arguments.

**II. Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expounded upon by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). In this case, although the Parties have not specifically contested the Court's exercise of subject matter jurisdiction over Plaintiffs' claims in the first instance, the Court raises this issue *sua sponte*.[2] *See Ins. Corp. of Ir. V. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (1982); *Brown v. Phila. Hous. Auth.*, 350 F.3d 338, 346-47 (3d Cir. 2003) (noting that parties may not "waive subject matter jurisdiction.").

In their Complaint, Plaintiffs allege that this Court has federal question jurisdiction over this matter pursuant to the following federal statutes: 20 U.S.C. § 1415(i)(3)(A) (the IDEA),[3] 29 U.S.C. § 794a(a)(2) (the Rehabilitation Act), 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 1983 (civil rights violations). However, aside from referencing these statutes, Plaintiffs' Compliant does not purport to state a claim for a violation of the IDEA, the Rehabilitation Act, or Section 1983.

---

[2] The sole argument raised with respect to the existence of subject matter jurisdiction is Defendant's argument that the Court lacks subject matter jurisdiction because Plaintiffs failed to exhaust their administrative remedies. (Def.'s Mov. Br. at 3, 16-29).

[3] The particular section cited provides: "The district courts of the United States shall have jurisdiction of actions brought under this section without regard to the amount in controversy." 20 U.S.C. § 1415(i)(3)(A).

Instead, Plaintiffs explicitly state that this case "involve[es] nothing more than the enforcement of a settlement agreement." (Pls.' Opp. Br. at 8). That is, Plaintiffs allege that Defendant breached the Settlement Agreement entered into after Plaintiffs filed a complaint with Defendant pursuant to the IDEA. However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813 (1986). Thus, the question presented is whether this Court may exercise jurisdiction over Plaintiffs' breach of contract claim strictly because that contract was entered into to effectuate Plaintiffs' child's right under the IDEA to a "free appropriate public education."

The IDEA permits federal courts to enforce settlement agreements resolving an IDEA claim in certain circumstances. Specifically, the federal district court may exercise jurisdiction over a settlement agreement reached in one of two ways: First, in connection with a "[m]ediation" procedure, as explained in 20 U.S.C. § 1415(e) or second, by means of a "[r]esolution session," as explained in 20 U.S.C. §1415(f)(1)(B). *See, e.g., H.C. ex rel. L.C. v. Colton-Pierrepont Cent. Sch. Dist.*, 341 Fed. App'x 687, 690-91 (2d Cir. 2009); *see also L.M. v. Lower Merion School Dist.*, 2011 WL 71442, *3 (E.D. Pa. Jan. 7, 2011) (collecting cases). The mediation and resolution sessions, as defined by the IDEA, are not merely terms of art. That is, the IDEA provides specific procedural requirements accompanying these two resolution processes. *See* 20 U.S.C. § 1415(e)(2), (f)(1)(B)(i). For example, where parties opt for mediation, they must meet with "a qualified and impartial mediator who is trained in effective mediation techniques." *Id.* § 1415(e)(2)(A)(iii). Conversely, if parties to an IDEA complaint chose the resolution session, the parties must, among other requirements, meet "within 15 days of receiving notice of the parents' complaint." *Id.* § 1415(f)(1)(B)(i)(1).

In this case, there is no indication that the Settlement Agreement between the Parties was reached by means of either a mediation or a resolution session, as defined under the IDEA. *See* 20 U.S.C. §§ 1415(e), (f)(1)(B). In fact, Plaintiff has conceded that the Settlement Agreement was not executed in connection with either of these specifically listed procedures. (*See* Pl.'s Opp. Br. at 8).[4] The IDEA does not confer federal question jurisdiction over settlement agreements that were not reached outside of a mediation or resolution session. "Had Congress intended that *all* settlement agreements reached during the course of the administrative process be enforceable in federal court, it could have easily adopted a provision to that effect." Accordingly, as have other courts that have considered this issue, the Court declines to exercise jurisdiction over Plaintiffs' breach of contract claim where there is no statutory basis for same. *See, e.g., L.M. v. Lower Merion Sch. Dist.*, No. 10-cv-4855, 2011 WL 71442, at *3 (E.D. Pa. Jan. 7, 2011) (noting that "[m]any courts . . . have held that a settlement agreement related to an IDEA claim which is reached outside the formal mediation or resolution process is not enforceable under the IDEA in a district court of the United States" and collecting cases)); *see also H.C. ex rel. L.C.*, 341 Fed. App'x at 690-91 (remanding to the district court to determine the existence of subject matter jurisdiction where, on the record before the Court of Appeals, it did not appear that the settlement agreement had been entered into as part of a mediation or resolution session).

Moreover, Plaintiffs have not alleged that jurisdiction is properly fixed in the federal court based on diversity (28 U.S.C. §1332) and it would appear, in any event, that Plaintiffs would be unable to meet the diversity of citizenship requirement as both Plaintiffs and Defendant

---

[4] That is, in arguing that they were not required to exhaust administrative remedies in order to seek relief from the district court, Plaintiffs state that "[t]here is no reason to believe that settlement agreements reached during the course of an impartial due process hearing, but outside of mediation or a resolution session, would be treated differently." (*Id.* at 8).

reside in Hudson County, New Jersey (*see* ECF No. 1-1, Civil Cover Sheet). For these reasons, the Court finds that it lacks the requisite subject matter jurisdiction to hear this case. Accordingly, the Court cannot address the Parties' substantive arguments in support of and in opposition to Defendant's motion.

### III. Conclusion

For the reasons stated herein, the Court will dismiss this matter for lack of subject matter jurisdiction and will deny Defendant's motion to dismiss as moot. An appropriate Order follows this Opinion.

IT IS SO ORDERED.

DATED: September 14, 2016

JOSE L. LINARES, U.S.D.J.